# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 10, 1916.

THOMAS F. SPRIGG
VS.
LEWIS R. FISHER, TRADING AS LEWIS R. FISHER COMPANY.

*Arthur P. Greeley* and *Tolson & Tolson* for plaintiff.

*Venable, Baetjer & Howard* for defendant.

DAWKINS, J.—

The plaintiff alleges infringement of a registered trade-mark used in the manufacture of a certain toilet paper, and further charges that the defendant by such infringement is practicing unfair competition. To the bill the defendant has demurred. The reasons for the demurrer are that no cause of action has been made out and that there has been no ground shown for an injunction. The defendant also alleges that if any wrong has been committed there is an ample remedy at law.

Even though no case of infringement is disclosed by the bill and exhibits, yet if any unfair competition can be shown, no matter in what form it appears, the Court should protect the wronged party. If such unfair competition can be shown to exist, a court of equity has jurisdiction to enjoin the same.

It would not seem proper for the Court to depend upon its own eyesight as suggested at the argument to determine the question of competition before hearing the facts. If the statements of the bill be true, and they are assumed to be true for this purpose, a case may be made out, though an examination of the exhibits would not seem to indicate it.

Whilst there should be no monopoly in form, color, or size of the package, yet, if there can be shown to have been assembled in such a guise as to intentionally fool the public or the consumer, then the plaintiff should be entitled to the relief he seeks. The dress and appearance of the goods if deliberately made like those of another or similar thereto and put on the market to deceive the customer, may produce unfair competition. If the defendant, by deceiving his customers and depriving the plaintiff of sales which he would otherwise have made uses the methods alleged in the bill, the defendant would be guilty of unfair competition. If one enters the trade of another and by dressing up his goods in such a way as to cause any confusion between his goods and those of another, he has violated the law of proper trading.

Bagby vs. Rivers, 87 Md. 400; Parlett vs. Gugenheim, 67 Md. 542, 38 Cyc.

Any artifice, device or peculiar arrangement which tends to increase the probability of deception and which is not necessary for any proper purpose, should be enjoined.

"It is sufficient that the resemblance is such that it is calculated to deceive the ordinary purchaser under the conditions prevailing in the particular traffic to which the matter relates."

Luyties Bros. vs. Zimmerman & Co., 133 N. Y. Sup. 997.

The imitation need not be in all respects, but the question is whether or not the imitation is of such a character as that the purchaser may be imposed upon by it.

Shaw Stocking Co. vs. Mack, 12 Fed. Rep. 707; National Biscuit Co. vs. Pacific Coast Biscuit Co., N. J. Chancery Court, June 6, 1914; Holeproof Hosiery Co. vs. Wallach Bros., 190 Fed. Rep. 606.

The plaintiff's remedy, if he proves the allegation of his bill, and is entitled to relief, is clearly in equity. It would seem on the face of the bill, a case is made out, therefore, the demurrer will, therefore, be overruled.